IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04138-GPG

CLAUDYANE FOE,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

This matter comes before the Court upon Petitioner's Motion to Enforce (D. 9) and Brief in Support of Motion to Enforce (D. 14). The Court GRANTS the motion the following reasons.

On September 8, 2026, the Court issued an Order (D. 7) granting in part Petitioner Claudyane Foe's Petition for Writ of Habeas Corpus (D. 1). After determining that Petitioner was detained pursuant to 8 U.S.C. § 1226(a) and had been denied a bond hearing before an immigration judge (IJ), the Court ordered Respondents to provide Petitioner with "a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest" (D. 7 at 3). The Court also ordered that "Respondents

SHALL notify Petitioner and any counsel who has entered an appearance in this action of the date, time, and place of the hearing no less than 24 hours prior to the beginning of the hearing" (*id.*). Pursuant to that order, a bond hearing before an IJ was held on September 15, 2026, and Petitioner was denied bond (D. 10). Petitioner argues that Respondents violated the Court's Order "by not entering an appearance, providing a bond hearing, and providing 24 hours notice before such bond hearing" (D. 9) and failing to ensure that the immigration judge put the burden on the government at the hearing (D. 14). Respondents did not file a response, instead stating that they "are not submitted a brief in opposition" to Petitioner's motion to enforce but "do not concede that the Motion is meritorious or that Respondents have not complied with this Court's prior order" (D. 17).

Accordingly, pursuant to this Court's inherent authority to enforce its September 8, 2026, Order and Respondents' failure to oppose Petitioner's motion or provide a basis for denial, it is ORDERED that Petitioner shall be released from custody within 48 hours, and Petitioner SHALL update this Court in writing upon his release. *See United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) ("This court . . . will not craft a party's arguments for him." (quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 (10th Cir. 1999))); *Santucci v. Commandant, United States Disciplinary Barracks,* 66 F.4th 844, 851 n.9 (10th Cir. 2023) ("[U]nder the party-presentation principle, we, not only will not, but 'cannot make arguments for [a party].'" (quoting *Yelloweagle,* 643 F.3d at 1284))). Respondents may continue to subject Petitioner to the same conditions as before he was re-detained but no more restrictions are warranted. As Respondents have not shown that they have proven by a preponderance that Petitioner is a flight risk or danger to community, there is no basis for imposing additional conditions.

It is FURTHER ORDERED that Respondents are prohibited from re-detaining Petitioner on the same grounds.

It is FURTHER ORDERED that Petitioner's Urgent Motion for Summary Judgment (D. 16) is DENIED AS MOOT.

DATED October 1, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge